FILED
SUPERIOR COURT
OF GUAM

2014 MAR 13 PM 2: 18

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT
## OF GUAM

THE PEOPLE OF GUAM,          )    CRIMINAL CASE No. CM 0763-13
                               )                    CF 0550-13
          v.              )
                               )    **DECISION AND ORDER**
KANDITO P. MWARECHEONG,     )
                      Defendant.    )
                               )

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's motion to vacate order of dismissal was taken under advisement on February 11, 2014. The People are represented by Assistant Attorney General, Matthew S. Heibel. Defendant is represented by Assistant Public Defender Maria G. Fitzpatrick. Having reviewed the memorandum and papers presented, the Court now issues the following decision DENYING Defendant's motion.

## BACKGROUND

On August 28, 2013 a Magistrate's Complaint was filed accusing Defendant of committing Misdemeanor Family Violence on August 25, 2013. Pursuant to 8 GCA §80.70(a) the People filed a Motion and Dismissal Order on December 3, 2013. An order dismissing the matter without prejudice was entered on January 3, 2014. On October 8, 2013, a grand jury entered an indictment charging Defendant with Family Violence as a 3rd Degree Felony for his acts of August 25, 2013.

On January 29, 2013, Defendant filed a motion to vacate the Court's December 3, 2013

order of dismissal. In it he requests that the Court order that the people file a motion to amend their original complaint. In support of this Defendant asserts that he was not provided notice of the motion and also cites to the regulatory mandates of Section 80.70(a) of Title 8 of the Guam Code. He argues that 80.70(a)'s mandate, that upon dismissal prosecution shall terminate and its lack of specificity as to whether the dismissal is with or without prejudice, have been violated. Defendant also argues that the People's motion violated 8 GCA § 55.20's requirement that any amendment to a defendant's indictment or information requires a showing of, no additional [or] different charge and no change of a defendant's substantial rights.

The People did not file an opposition to Defendant's motion.

## DISCUSSION

Title 8 of the Guam Code contains and codifies the rules of Criminal Procedure in Guam. 8 GCA § 1.01 et. seq. Section 80.70 of Title 8 of the Guam Code regulates when a prosecutor or court may dismiss a criminal action. 8 GCA § 80.70 (2013). It provides,

> (a) The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.
> (b) If there is unnecessary delay in bringing a defendant to trial, the court, on its own motion, may dismiss the indictment, information or complaint. The reasons for the dismissal shall be set forth in an order entered upon the minutes.
> (c) The court on its own motion may dismiss a prosecution pursuant to § 7.67 of the Criminal and Correctional Code.

*Id.* Likewise Section 55.20 of the same title regulates when a criminal indictment or information may be amended. 8 GCA § 55.20 (2013). It provides, "[t]he court may permit an indictment or information to be amended upon the application of the prosecuting attorney at any time before verdict or finding if no additional [or] different offense is charged and if substantial rights of the defendant are not prejudiced." *Id.*

Applying the rules established above to the facts asserted herein the Court is not persuaded that they have been violated. In this case a magistrate's complaint was filed charging Defendant with Misdemeanor Family violence on August 28, 2013. Subsequently on October 8, 2013 a Guam grand jury returned an indictment for a charge of Felony Family Violence arising out of the same acts as the Magistrate's complaint. Upon application by the prosecutor the magistrate's complaint was dismissed without prejudice and any prosecution upon the misdemeanor charge in magistrate complaint ceased. Defendant fails to cite nor is the Court aware of any authority that requires that the mandates of Section 80.70 also require the dismissal of any indictment, information, or superseding indictment or charge arising out of the same critical event. To the contrary a review of the Guam Supreme Court's decisions appears to recognize the permissibility of these situations. See. *Ungacta v. Superior Court of Guam,* 2013 Guam 29.

Additionally the Court is not persuaded that the mandates of Section 55.20 apply to the instant facts. 8 GCA § 55.20. There has been no showing that any indictment or information herein has been amended. Defendant's assertion that it was not provided with notice for the People's motion to dismiss, is not supported by any verified statement or citation to any rule or legal authority analyzing his assertion under the proper standard. While the Court is dismayed by the assertion that the People failed to provide the Defendant adequate notice of its motion to dismiss, it is not convinced that this error, by itself and based upon the Court's above analysis merits the relief requested.

**CONCLUSION**

Based on the foregoing, Defendant's Motion to Vacate Order of Dismissal is DENIED.

SO ORDERED, this __13th__ day of __March__ 2014.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam
